Bradley L. Middleton, OSB No. 893114
BRADLEY L. MIDDLETON, P.C.
bradleymiddletonpc@gmail.com
6950 SW Hampton, Suite 250
Tigard, Oregon 97223
(503) 968-7487
(503) 968-6766 (Fax)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., an Oregon corporation; and THE TRUST AND TRUSTEES OF THE NORTHWEST BRICKLAYERS PENSION TRUST FUND, THE MASONRY WELFARE TRUST FUND, THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND, THE MASONRY VACATION TRUST FUND, and ALL AFFILIATED FUNDS; AND THE BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL NO. 1, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERATION PLASTERING, LLC a Washington limited liability company, <br><br> Defendant. | Case No. <br><br> COMPLAINT |

Plaintiffs allege:

I.

PARTIES

1.      Plaintiff, Masonry Industry Trust Administration, Inc., is an Oregon corporation, authorized to do business in Oregon, and is the administrative agent for the Masonry Industry

PAGE 1 – COMPLAINT

Funds described below, and Plaintiff is authorized to bring this action on behalf of the Funds and employees described below.

2.  The Funds accept and administer contributions from employers to cover health and welfare, pension, vacation, apprenticeship, training, and other related needs of employees and employers within the purpose of the various agreement governing the Funds (collectively referred to as the "Agreements"). The Funds are comprised of the Northwest Bricklayers Pension Trust Fund, the Masonry Welfare Trust Fund, the Apprentice and Journeyman Training Trust Fund, the Masonry Vacation Trust Fund, and various other funds serving the needs of employees and employers (collectively referred to as the "Funds"). The ERISA Funds are pension and welfare benefit plans as those terms are defined in 29 U.S.C. § 1002 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et. seq. ("ERISA"). The Trustees of the ERISA Funds have discretionary authority and control over the management of the Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA. The Funds also include the Bricklayers and Allied Craftworkers, Local No. 1, which represents the employees (collectively referred to as the "Employees") for the purposes of collecting unpaid wages and benefits. The Funds in part were created pursuant to § 302 (c) of the Labor Management Relations Act, 29 USC § 186( c ).

3.  Defendant Generation Plastering, LLC ("Defendant" or Generation"), is a Washington limited liability company. At all times hereto, Defendant Generation has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. § 1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C § 1002(12) of ERISA.

\ \ \ \ \

\ \ \ \ \

PAGE 2 – COMPLAINT

BRADLEY L. MIDDLETON, P.C.
6950 SW Hampton Street., Suite 250
Tigard, Oregon 97223
Telephone: (503) 968-7487 / Facsimile: (503) 968-6766
Email: bradleymiddletonpc@gmail.com

## II.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the claims brought against Defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3), 1145, and 1132(e)(l) of ERISA.

5. Defendant was bound by an Employer Compliance Agreement dated July 26, 2017 ("ECA") with Local No. 1 (who is the successor to Local No. 3 of Washington and collectively "Union") as to that certain project known as the Spokane Tribe Economic Project ("STEP project"). The ECA covers employees in an industry affecting commerce, and the activities of Defendant affect commerce. The Court has jurisdiction over the claims brought by Plaintiff against Defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

6. The applicable Trust Funds are administered in Portland, Oregon, and therefore venue is appropriate in this district, pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d), because this is the district where the plan is administered.

## III.

## FACTUAL BACKGROUND

7. At all times material hereto, Defendant was signatory to a written ECA. Under the terms of the ECA, Defendant agreed to be bound by the terms and conditions of the applicable collective bargaining agreement and the applicable Trust Agreements that created the Funds. Defendant further agreed to pay contributions on behalf of its employees performing work covered under the ECA. Defendant further agreed to file monthly remittance report forms and to pay the contributions to Plaintiffs by the fifteenth (15th) day of the month following the month in which the work was performed ("Due Date").

8. Under the applicable Agreements and 29 USC § 1132(g)(2), Defendant must pay interest if Defendant fails to timely pay the contributions from the due date until paid at the rate of eighteen percent (18%) per annum or as set otherwise by law or applicable agreement.

PAGE 3 – COMPLAINT

6950 SW Hampton Street., Suite 250
Tigard, Oregon 97223
Telephone: (503) 968-7487 / Facsimile: (503) 968-6766
Email: bradleymiddletonpc@gmail.com

9.  Under the applicable Agreements and 29USC§1132(g)(2), Defendant must pay liquidated damages of ten percent (10%) on the unpaid contributions or the amount equivalent to the unpaid interest, whichever is greater, or as otherwise set by law or applicable agreement.

10. Under the applicable Agreements and 29 USC § 1132(g)(2), Plaintiff is also entitled to recover its reasonable attorney fees from Defendant.

IV.

FIRST CLAIM FOR RELIEF

11. Plaintiff realleges paragraphs 1 through 10.

12. Upon information and belief, Defendant preformed work at the STEP project covered by the ECA

13. Upon information and belief, the work performed by some of Defendant's employees was work covered by the ECA and the applicable collective bargaining agreement.

14. Upon information and belief, based on the terms of the ECA, Defendant also became bound by the terms and conditions of the applicable Agreements. As a result, Defendant became obligated to pay contributions on behalf of its employees who performed work covered by the ECA and the applicable collective bargaining agreement to the Funds, and Defendant also became obligated by the due date to file monthly remittance report forms and pay its monthly fringe benefit contributions to the Funds on behalf of its employees who performed work covered by the ECA.

15. Upon information and belief, as to the STEP project, Defendant owes contributions to the Funds. Computation of the precise amount of Defendant's delinquency requires an audit of Defendant's books and records.

16. Upon information and belief, Defendant is also obligated to permit the Funds to audit Defendant's records and to cooperate in determining the extent and amount of the contributions due the Funds.

PAGE 4 -- COMPLAINT

17.     As a consequence, Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent, and amount of the Defendant's delinquency as the books, records, and related information necessary to determine the extent and the amount of the Defendant's contribution obligation are in the exclusive possession, custody, control, and knowledge of the Defendant.

18.     Plaintiffs have no adequate remedy at law for the calculation of contributions owed or damages suffered as a result of Defendant's breach of the contractual obligations absent an audit.

19.     All conditions precedent to equitable relief have been met.

20.     Defendant is also required to pay the Funds' reasonable attorney fees pursuant to the terms of the applicable Agreements and by law.

21.     The applicable Agreements also provide that, in the event a payroll examination of an employer's books and records is conducted and contributions are found due and owing, or alternatively, if an attorney is utilized to collect delinquent payments, the applicable Funds are entitled to a reasonable payroll examination fee and all other reasonable expenses incurred in connection with the collection efforts, including any auditor fees.

WHEREFORE, Plaintiffs pray that the following relief be granted:

1.     That Defendant, its officers, employees, agents, representatives, and/or agents be ordered to permit an audit of all records under the Defendant's actual or constructive control and, in the absence of said records, to cooperate in alternative methods for the determination of the extent and the amount of the contributions owed;

2.     Once all the requested records are provided and reviewed, that Defendant pays all amounts determined to be owed to the Funds, together with liquidated damages, interest, auditor fees, attorney fees, and other recoverable fees and costs under the applicable Agreements and by law;

PAGE 5 – COMPLAINT

3. Requiring Defendant to pay Plaintiffs' costs and disbursements incurred herein;

4. For such further equitable relief as the Court deems just and proper.

DATED this 22nd day of February 2022.

                                                           Respectfully submitted,

                                                           BRADLEY L. MIDDLETON, PC

                                                           */s/ Bradley L. Middleton*
                                                           Bradley L. Middleton, OSB No. 893114
                                                           bradleymiddletonpc@gmail.com
                                                           Of Attorneys for Plaintiffs

aablm\mit\complaint.2.21.22

BRADLEY L. MIDDLETON, P.C.
6950 SW Hampton Street., Suite 250
Tigard, Oregon 97223
Telephone: (503) 968-7487 / Facsimile: (503) 968-6766
Email: bradleymiddletonpc@gmail.com